HENRY H. COE ET AL. V. ORVILLE W. COOLIDGE, CIRCUIT JUDGE OF BERRIEN COUNTY.

BOND—TO STAY PROCEEDINGS PENDING SETTLEMENT OF BILL OF EXCEPTIONS—STAY SHOULD BE FOR A DEFINITE TIME, AND APPELLANT SHOULD PROSECUTE HIS APPEAL WITH DILIGENCE.

Relators applied for *mandamus* to compel the respondent to vacate an order made on filing the statutory bond staying proceedings pending settlement of bill of exceptions, the appellant claiming the right to take out a writ of error at any time during the statutory year. An order to show cause was granted, and on the hearing had February 19, 1895, on

petition and answer a writ of *mandamus* was granted directing the circuit judge to set aside the order for a stay, it being general and indefinite as to time, and the appellant having made no progress with his appeal.

*Taggart, Knappen & Denison,* for relator, contended:

1. That the contention of the appellant that a bill of exceptions having been settled he need not take out a writ of error or do anything further until almost the expiration of the statutory year, is untenable, nor can the action of respondent staying execution upon that theory, and refusing to ix t time within which relators may have an execution unless a writ of error is issued, be sustained.

*Howell & Carr,* for respondent.

The facts as established by the petition and answer were:

a—That the judgment sought to be reviewed was rendered June 11, 1895, and included an order giving the defendant 90 days in which to prepare and settle a bill of exceptions.

b—That on June 19, 1895, on filing a bond under the statute an order was made *ex prate* staying all proceedings on relator's judgment until the further order of the court.

c—That on December 24, 1895, relators moved the court to vacate said order because entered into without notice of application therefor to relators' attorneys, and improvidently.

d—That prior to making said motion a lengthy correspondence had taken place between relators' attorneys and the respondent and the defendant's attorneys regarding the settlement of a bill of exceptions; that said bill was not filed until November 21, 1895; that in said correspondence relators' attorneys urged defendant's attorneys to take out a writ of error, to the end that said case might be heard at the earliest possible moment, and surely at the January, 1896, term of the Supreme Court, which request had not been complied with when said motion was made.

e—That on September 30, 1895, said motion came on for hearing; that respondent was requested by relators'

attorneys at least to fix a time within which execution should issue unless the appellant should take out a writ of error; that respondent declined to comply with said request. but did find that proper and sufficient notice of the time and place of settling the bill of exceptions was not given to relators' attorneys, and thereupon gave the appellant 30 days from January 8, 1896, in which to perfect said bill of exceptions, and ordered that the stay of proceedings complained of should remain in full force and effect until the further order of the court.